COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-360-CR

TIMOTHY PAUL CONNELLA APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Timothy Paul Connella attempts to appeal his conviction and sentence for felony driving while intoxicated.  On October 2, 2006, the trial court signed a certification of appellant’s right to appeal, which was also signed by appellant and his attorney.  
See 
Tex. R. App. P
. 25.2(a)(2).  The certification states that “the defendant has waived the right of appeal.”  The trial court provided us a copy of appellant’s written waiver, signed by appellant and his attorney, in which appellant stated, “I give up and waive any and all rights of appeal in this case.”  Appellant filed a pro se notice of appeal on October 17, 2006.

On October 20, 2006, we notified appellant that the certification indicating that he had waived the right to appeal had been filed in this court and that we would dismiss this appeal unless appellant or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal.  Appellant filed a response stating that his appeal is based on ineffective assistance of counsel and claiming that “the matters being raised in the appeal of this conviction were all raised by written pretrial motions and ruled upon prior to trial.”  However, in his written waiver, appellant not only waived his right to appeal but also gave up and waived all pretrial motions that may have been filed in connection with his case.  Appellant does not refute these waivers.

A valid waiver of appeal will prevent a defendant from appealing without the trial court’s consent.  
Monreal v. State
, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003).  The trial court did not consent to appellant’s appeal in this case.  Accordingly, we dismiss the appeal.  
See id.; see also 
Tex. R. App. P
. 25.2(d) (providing that an appeal must be dismissed unless the trial court’s certification shows that the defendant has the right of appeal).

PER CURIAM

PANEL D: MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: December 21, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.